COMMONWEALTH *vs.* WILLIAM LEWIS. February 7, 1980. 1. A jury found the defendant guilty on indictments charging assault with intent to rape and threat of assault and battery (see G. L. c. 275, § 2). The judge imposed sentence on the former indictment and placed the latter on file. As the record does not show that the defendant consented to the filing, the defendant's appeal on the indictment for a threat is properly before us. None of the exceptions which have been assigned and argued has any bearing on the latter conviction, however, and the jury's verdict on that indictment must therefore be affirmed. 2. There was evidence relative to the former indictment that the defendant and the victim had apartments in the same building and knew each other casually; that the defendant made a proposal to her that she work for him as a prostitute; that he

became angry upon her refusal, then forced her onto a bed, saying that he wanted to have intercourse with her; that she resisted; that he pulled down her pants, lay on top of her, and, without penetration, ejaculated over her lower abdomen and groin area; and that he then cradled her in his arms, saying, "Now, I didn't hurt your pussy, did I?" The evidence warranted the jury's finding that the defendant intended to rape the victim; the judge did not err in denying the defendant's motion for a directed verdict. 3. Nor did the judge err in refusing to give the instruction requested by the defendant that the jurors must find the defendant not guilty if they found him to be intoxicated and thus lacking capacity to form a specific intent to rape. Apart from the long-standing rule that voluntary consumption of alcohol cannot by itself warrant a finding of the absence of a specific criminal intent, *Commonwealth* v. *Sheehan*, 376 Mass. 765, 773-774 (1978), there was in this case no evidence warranting a finding of intoxication, as contrasted with mere heavy drinking, much less intoxication to a degree that would obliterate the defendant's capacity to form a criminal intent. *Id.* at 775. 4. The judge did err, however, in instructing the jury that they could only return a verdict of guilty or not guilty on the indictment, refusing the defendant's request that they be instructed that they could return a verdict of guilty on "a lesser included offense like an assault." Assault is a lesser offense included in a charge of assault with intent to rape. *Commonwealth* v. *McKay*, 363 Mass. 220, 228 (1973). *Commonwealth* v. *Richmond*, 379 Mass. 557, 562 (1980). *Commonwealth* v. *Eaton*, 2 Mass. App. Ct. 113, 118 (1974). It cannot be said that on the evidence the jury was required to find that the defendant had the intention to penetrate; consequently there was a rational basis for acquitting the defendant of the greater offense charged and convicting him of a lesser offense of assault. Compare and contrast *Commonwealth* v. *McKay, supra; Commonwealth* v. *Richmond, supra,* at 562-563. From one perspective the judge's instructions were more favorable to the defendant than they should have been, but it is well settled that the defendant is entitled to instructions concerning lesser included offenses where, as here, there is a rational basis in the evidence for convicting of the lesser offense. *Commonwealth* v. *Santo*, 375 Mass. 299, 305-306 (1978). 5. The jury's verdict on the indictment charging threats is affirmed. On the indictment for assault with intent to rape, the judgment is reversed and the verdict is set aside.

*So ordered.*

*Michael Avery* for the defendant.

*Jeremiah P. Sullivan,* Assistant District Attorney, for the Commonwealth.