COMMONWEALTH vs. JOSEPH L. POWELL.

Suffolk.    December 12, 1979. — June 20, 1980.

Present: BROWN, GREANEY, & PERRETTA, JJ.

Practice, Criminal, Instructions to jury, Argument by prosecutor. Identification.

At the trial of a defendant charged under G. L. c. 266, § 14, with breaking and entering a dwelling house with intent to commit a felony, arming himself therein, and making an assault during the nighttime, the judge erred in refusing to charge the jury on the lesser included offense of burglary where the jury was not required to find on the evidence that the defendant had armed himself inside the victims' apartment. [58-59]

At a criminal trial, a one-on-one voice identification procedure at a voir dire examination was unnecessarily suggestive where the defendant, having already been physically identified in court by the victim, was required to utter the precise words allegedly used during the commission of the crime. [59-61]

It was improper for the prosecutor at a criminal trial to refer in closing argument to the victim's testimony, which had been struck, that she had heard the defendant admit serving a prior prison sentence. [62]

INDICTMENT found and returned in the Superior Court on October 7, 1977.

The case was tried before Simons, J.

John F. Palmer for the defendant.

Michael J. Traft, Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant was indicted for larceny (two indictments), rape, armed burglary, and assault by means of a dangerous weapon arising out of an incident which occurred on May 7, 1977, and for breaking and entering a dwelling house with intent to commit a felony, arming himself therein, and making an assault during the nighttime

(see G. L. c. 266, § 14), arising out of an incident which occurred on June 29, 1977. Both incidents involved the same victim and occurred at the same premises. The defendant was convicted only on the latter indictment pursuant to G. L. c. 266, § 14.[1] Claiming denial of due process and a fair trial, the defendant appeals under the provisions of G. L. c. 278, §§ 33A-33G, from that conviction.

The defendant argues on appeal that the judge erred (1) in compelling him to repeat at a voir dire inflammatory statements attributed to the victim's assailant, and then in admitting in evidence the victim's resulting voice identification of the defendant, (2) in refusing to declare a mistrial (a) when the victim volunteered on direct examination that she had heard the defendant admit serving a prior prison sentence, and (b) when the prosecutor improperly repeated that prejudicial testimony in her closing argument after it had been struck, and (3) in refusing to charge the jury on the lesser included offense of burglary.[2]

We are constrained in the circumstances of this case to reverse the defendant's conviction and remand the case for a new trial in the Superior Court for reasons that will appear below.

As a complete recitation of the rather bizarre facts would serve no useful purpose, we mention particular facts only where necessary.

1. *Failure to Charge on Burglary (G. L. c. 266, § 15).*

"A judge is required to charge the jury concerning lesser included offenses if the evidence provides a rational basis for acquitting the defendant of the crime charged and convicting him of the lesser included offense." *Commonwealth* v. *Santo*, 375 Mass. 299, 305 (1978). See also *Commonwealth* v. *Richmond*, 379 Mass. 557, 562 (1980) ("an instruction

---

[1] The jury were unable to reach decisions on the other indictments and the judge declared a mistrial as to those charges.

[2] Although this assignment of error was briefed subsequent to oral argument by leave of court, the defendant had taken a proper exception to the judge's refusal to give such an instruction. Contrast *Commonwealth* v. *Hooks*, 375 Mass. 284, 290 (1978).

concerning the lesser included offense should be given, on request, unless the evidence would not warrant a finding that the defendant was guilty of that offense"). It is not disputed that a knife last seen in the kitchen by the victim and her sisters before they retired for the evening was later found nearby outside their apartment building in the vicinity where the defendant had been spotted while fleeing the scene. There was no testimony, however, from any of the sisters or from any of the persons who had seen the defendant on the evening of June 29 that he possessed a weapon of any sort. All three of the sisters saw him run out of the apartment, and the two security guards encountered him immediately outside the building. As it cannot be said that on the evidence the jury was required to find that the defendant had armed himself inside the apartment, there was consequently a rational basis for acquitting him of the greater offense charged and convicting him of the lesser included offense of burglary. *Commonwealth* v. *Lewis,* 9 Mass. App. Ct. 842, 843 (1980). See *Commonwealth* v. *McKay,* 363 Mass. 220, 228 (1973). It was thus error for the judge to refuse the defendant's request that the jury be instructed that they could return a verdict of guilty on the lesser included offense of burglary.[3] See *Commonwealth* v. *McCauley,* 355 Mass. 554, 561-562 (1969). See also *People* v. *Carmen,* 36 Cal.2d 768, 773 (1951), cited with approval in *Commonwealth* v. *Campbell,* 352 Mass. 387, 398 (1967).

2. We now mention those assignments of error that will likely arise at retrial so as to insure that the new trial is free of needless error which might unnecessarily precipitate further appellate review.

a. *Voice identification.* The judge allowed the victim and her two sisters to testify before the jury as to a voice identification of the defendant at a one-on-one confronta-

---

[3] Deciding as we do, it is not necessary to decide whether the statement "don't look at me or I'll kill you" taken in context furnishes a basis for a finding of an assault within the meaning of G. L. c. 266, § 14. But see *Commonwealth* v. *Delgado,* 367 Mass. 432, 435-437 & n.3 (1975).

tion. In our opinion *Commonwealth* v. *Marini*, 375 Mass. 510 (1978), controls this branch of the case. Having already been physically identified in court by the victim, the defendant was required, at a voir dire examination, to utter the precise vulgar statements that the witness had said the attacker had made on the evening of the first break and entry, for voice identification purposes. *Marini* counsels that it is unnecessarily suggestive to cause a defendant to repeat the particular words allegedly used during the commission of the crime in the course of a one-on-one audition. *Id.* at 517. Furthermore, *Commonwealth* v. *Botelho*, 369 Mass. 860, 866 (1976), holds that such an unnecessarily suggestive confrontation must be excluded from the jury's consideration.[4] Thus, the voice identification was an impermissible one-on-one confrontation which must be kept from the consideration of the jury.

Furthermore, a one-on-one identification procedure orchestrated by the Commonwealth without exigent circumstances that might otherwise make such a highly suggestive and inherently unreliable investigatory technique compel-

---

[4] Because the audition orchestrated here was "unnecessarily suggestive" (*Stovall* v. *Denno*, 388 U.S. 293, 301-302 [1967]; see *Commonwealth* v. *Marini*, 375 Mass. 510, 516-518 [1978]), that is, the identification procedure was both highly suggestive and "unnecessary" in that no exigent circumstances rendered the particular procedure imperative (see *Stovall* v. *Denno, supra*; compare and contrast *Commonwealth* v. *Marini, supra* at 518 ["[i]f a need was felt for a voice test, it could have been conducted under standard lineup conditions"], and *Commonwealth* v. *Storey*, 378 Mass. 312, 313-320 [1979]), we need not in retrospect puzzle over whether it was "reliable." See *Commonwealth* v. *Venios*, 378 Mass. 24, 27 (1979), and *Commonwealth* v. *Storey, supra* at 319 n.9. The Supreme Judicial Court has not followed the lead of the Supreme Court in *Manson* v. *Brathwaite*, 432 U.S. 98, 109-114 (1977), of deciding such a pretrial identification due process inquiry by looking, after the fact, at the result: whether or not an unnecessarily suggestive confrontation nonetheless yielded a "reliable" identification. Rather, it has left this question open. Until we are instructed otherwise, we would "insist on the fairest feasible identification procedures and not rely on the courts' ability to gauge the psychological effects of more suggestive procedures." *Wright* v. *United States*, 404 F.2d 1256, 1262 (D.C. Cir. 1968) (Bazelon, J., dissenting).

ling is constitutionally disfavored. See *Commonwealth* v. *Marini, supra* at 517 ("[o]ne-on-one auditions ought certainly to be avoided"); *Commonwealth* v. *Torres,* 367 Mass. 737, 740 (1975) ("[s]ingle person identification procedures are constitutionally suspect"); *Commonwealth* v. *Nolin,* 373 Mass. 45, 51 (1977) ("Of course, a one-to-one confrontation, whether in person or by photograph, is disfavored"). Accord, *Simmons* v. *United States,* 390 U.S. 377, 383-384 (1968); *Neil* v. *Biggers,* 409 U.S. 188 (1972); *Commonwealth* v. *Venios,* 378 Mass. 24 (1979); *Commonwealth* v. *Storey,* 378 Mass. 312 (1979). But see *Commonwealth* v. *Botelho,* 369 Mass. at 867-868 n.6.

In other words, although the burden rests on the defendant to demonstrate, by a preponderance of the evidence, that the witness was subjected to a pretrial confrontation so unnecessarily suggestive as to give rise to a substantial likelihood of mistaken identification, see *Commonwealth* v. *Venios,* 378 Mass. at 26-27, and *Commonwealth* v. *Moon,* 8 Mass. App. Ct. 375, 383 n.6 (1979), S.C., 380 Mass. 751 (1980), one-on-one confrontations are constitutionally suspect, and thus shift the burden to the Commonwealth to demonstrate by clear and convincing evidence that such a procedure was made necessary by exigent or compelling circumstances. Unless we distill the case law in this way, to afford defendants a concrete procedural weapon where they have been subjected to an unnecessarily suggestive identification procedure, this court's and the Supreme Judicial Court's many remarks discouraging one-on-one confrontations will continue to be ignored. We hope that today's decision will begin to obviate this serious problem. Accord *State* v. *Cefalo,* 396 A.2d 233, 238-239 (Me. 1979) (cited with approval in *Commonwealth* v. *Venios,* 378 Mass. at 28).

We therefore conclude that in the present circumstances it is unduly prejudicial and in violation of the defendant's rights to a fair trial to permit the victim and her sisters to testify as to the voice identification made at the voir dire.

Commonwealth *v.* Powell.

b. *Comment on the defendant's prior incarceration.* It cannot be gainsaid that the assistant district attorney should not have commented in closing argument on the defendant's previous incarceration. Such a comment was particularly improper in this instance, as the judge had specifically excluded testimony concerning the defendant's previous imprisonment. "No attorney shall refer in closing argument to evidence which has been excluded." *Commonwealth* v. *Burke,* 373 Mass. 569, 575 (1977). Such practices have uniformly been condemned by this court and the Supreme Judicial Court. See *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 419 (1978), and cases cited. "Failure to abide by this standard constitutes ground for reversal."[5] *Commonwealth* v. *Burke, supra.* Compare *Commonwealth* v. *Ryan,* 8 Mass. App. Ct. 941 (1979), and cases cited.

Likewise, care should be taken to assure that witnesses do not inadvertently make reference to the defendant's prior incarceration.

*Judgment reversed.*

*Verdict set aside.*

---

[5] Although we reverse this case for other reasons, we would be hard pressed not to reverse here because the prosecutor has exceeded the bounds of proper closing argument. See S.J.C. Rule 3:22A, PF 14, 377 Mass. 927 (effective March 1, 1979).