COMMONWEALTH vs. WARREN S. WHITE. February 27, 1981. The defendant was convicted of armed robbery after a jury trial in the Superior Court. He filed a pretrial motion to suppress: (1) an out-of-court identification of him made by the victim two days after the incident, and (2) the victim's proposed in-court identification. After an evidentiary hearing, the judge ordered the out-of-court identification suppressed because it was both unnecessarily suggestive and the direct result of the defendant's illegal arrest. He ruled that the in-court identification could be admitted. We conclude that the in-court identification should have been suppressed as well.

1. We have examined the judge's findings of fact and rulings of law in light of the standards for review expressed in cases such as *Commonwealth* v. *Murphy*, 362 Mass. 542, 550-551 (1972) (Hennessey, J., concurring), *Commonwealth* v. *Sires*, 370 Mass. 541, 544 n.1 (1976), *Commonwealth* v. *Moon*, 380 Mass. 751, 755-756 (1980), and *Commonwealth* v. *Wilborne*, 382 Mass. 241, 251 (1981), *Commonwealth* v. *Worlds*, 9 Mass. App. Ct. 162, 166 (1980).

The evidence indicated that two days after the incident, the police, acting solely on a hunch that the defendant might have been involved in the crime, found him and another black youth walking on a street near the victim's home where the incident had occurred. There, the officers placed the youths in a cruiser and took them to the victim's house for a showup. After viewing the defendant for about five minutes and only after hearing his voice, the victim made an identification. There was no showing of specific articulable facts or probable cause to justify a warrantless seizure of the defendant (see *Terry* v. *Ohio*, 392 U.S. 1, 16 [1968]; *Alegata* v. *Commonwealth*, 353 Mass. 287, 291 [1967]), nor a showing of any exigency which required the police to stage a confrontation which was unnecessarily suggestive of the defendant. Compare *Commonwealth* v. *Moon, supra* at 757-758. There is ample support in the record and the law for the judge's conclusion, that the out-of-court identification made on November 23, 1979, "follow[ed] from an unlawful seizure of the defendant [and] was unnecessarily suggestive."

In these circumstances, the Commonwealth was required to show by "clear and convincing evidence" that the victim's proposed courtroom identification had a source independent of the suggestive confrontation (*Commonwealth* v. *Botelho*, 369 Mass. 860, 865-868 [1976]; *Commonwealth* v. *Venios*, 378 Mass. 24, 26-27 [1979]), or that, in the totality of the circumstances, it was reliable under the test stated in *Manson* v. *Brathwaite*, 432 U.S. 98, 114 (1977). Although the victim had an opportunity to observe her three assailants for about five minutes under the light of a nearby streetlamp (see *Commonwealth* v. *Jackson*, 377 Mass. 319, 331 [1979]; *Commonwealth* v. *Venios, supra* at 30; see also *Commonwealth* v. *Ross*, 361 Mass. 665, 671 [1972]), her description of the features of the person thought to be the defendant was so general as to

be virtually meaningless (see *Commonwealth* v. *Worlds, supra* at 171; compare *Commonwealth* v. *Moon, supra* at 756; contrast *Neil* v. *Biggers,* 409 U.S. 188, 194, 200 [1972]; *Manson* v. *Brathwaite, supra* at 101, 115; *Commonwealth* v. *Jones,* 9 Mass. App. Ct. 83, 86-87 [1980]), and that description was materially at variance with the defendant's height and weight. There is insufficient support in the record for the judge's findings attempting to explain the substantial error in the height of the defendant and the height of the person described as the assailant. Contrast *Commonwealth* v. *Gordon,* 6 Mass. App. Ct. 230, 238 (1978). While selecting some photographs two days later from two mugbooks as resembling the defendant, she failed to select a photograph of the defendant which, according to the testimony of a police officer, was probably included in one of the books. See *Commonwealth* v. *Kazonis,* 356 Mass. 649, 652 (1970); *Commonwealth* v. *Botelho, supra* at 862-863, 869; *Commonwealth* v. *Vasquez, ante* 261, 264-265 (1981); compare *Commonwealth* v. *Worlds, supra* at 169. Moreover (as determined by the judge) just prior to the suggestive two-on-one encounter (which also occurred on the same day as the inconclusive photographic exercise) the "[o]fficer led [her] to understand [that] he was seeking a particular individual and then shortly thereafter did in fact produce that individual for her perusal." Compare *Commonwealth* v. *Moon, supra* at 757, 758-759. Despite this tip, she was hesitant in identifying the defendant after viewing him for several minutes until she had heard his voice. The voice identification, itself constitutionally disfavored and suggestive (see generally *Commonwealth* v. *Torres,* 367 Mass. 737, 740 [1975]; *Commonwealth* v. *Marini,* 375 Mass. 510, 516-517 [1978]; *Commonwealth* v. *Powell,* 10 Mass. App. Ct. 57, 59-60 [1980]), was irreparably infected by the "special elements of unfairness" surrounding the confrontation. See *Commonwealth* v. *Moon, supra* at 758.

We are satisfied that the out-of-court identification was the sole product of improper conduct and suggestions by the police, that the courtroom identification was not shown to be based on an independent source or to be constitutionally reliable, and that it was, in essence, another repetition of the tainted out-of-court identification. Cf. *Commonwealth* v. *Wheeler,* 3 Mass. App. Ct. 387, 392 (1975); *Commonwealth* v. *Vasquez, supra* at 265.

This holding renders it unnecessary to discuss the defendant's alternative argument that the courtroom identification should have been suppressed on an application of the Fourth Amendment standards discussed in *United States* v. *Crews,* 445 U.S. 463 (1980). We note, however, some support in the majority opinion in that decision for suppression of a courtroom identification which has been corrupted by an illegal arrest to the point where it cannot be said to arise from the victim's "independent recollection of her initial encounter with the assailant." *United States* v. *Crews,* 445 U.S. at 473 nn.18 & 19. Contrast *United States* v. *Ocampo,* 492 F. Supp. 1211, 1239-1240 (E.D.N.Y. 1980).

2. Officer Connolly's trial testimony made it clear that the defendant's photograph was included in one of the two mugbooks shown to the victim. If a retrial occurs, the prosecutor, in the absence of that photograph or testimony concerning it, should not repeat his line of argument which attempted to account for the victim's failure to identify the picture. See *Commonwealth* v. *O'Brien*, 377 Mass. 772, 778 (1979).

*Judgment reversed.*

*Verdict set aside.*

*John F. Palmer* for the defendant.

*Willie Ivory Carpenter, Jr.*, Assistant District Attorney, for the Commonwealth.