COMMONWEALTH *vs.* MARTHA J. YUNGGEBAUER.

Essex.  September 15, 1986. — October 27, 1986.

Present: PERRETTA, KAPLAN, & FINE, JJ.

*Practice, Criminal,* Instructions to jury, Lesser included offense, Request
for jury instructions. *Armed Robbery. Assault and Battery by Means of
a Dangerous Weapon. Joint Enterprise.*

There was reversible error at the trial of indictments charging armed robbery
and assault and battery by means of a dangerous weapon in the judge's
refusal to instruct the jury, at the defendant's request, on the lesser
included offenses of robbery and assault and battery, where the defendant
specifically denied knowing that her companion possessed or intended
to use a knife or a pipe against the victim, and where, on the defendant's
version of events, the jury could have inferred that the defendant had
participated with her companion in a joint venture to rob and beat the
victim, but that she had not intended that weapons be used and would
not have been willing to have them used. [49-50]
Where there was evidence at the trial of indictments charging armed robbery
and assault and battery by means of a dangerous weapon which required
the judge to instruct the jury on the lesser included offenses of robbery
and assault and battery, defense counsel's request for such instructions,
untimely under Mass.R.Crim.P. 24 (b), did not excuse the judge from
giving the instructions nor bar this court from reviewing their denial,
where the request was made before final arguments, where the Common-
wealth suffered no prejudice and where the judge apparently had suffi-
cient time to consider the merits of the request. [50-52]

INDICTMENTS found and returned in the Superior Court De-
partment on November 21, 1984.

The cases were tried before *Robert A. Barton,* J.

*Hugh Samson* for the defendant.

*Richard A. McGovern,* Assistant District Attorney, for the
Commonwealth.

FINE, J.  The defendant was found guilty of armed robbery
and assault and battery by means of a dangerous weapon after

a jury trial in Superior Court. On appeal she contends that it was error for the judge not to instruct the jury on the lesser included offenses of robbery and assault and battery. The Commonwealth maintains that the defendant's request at trial for such a jury instruction was untimely. We conclude that the request for the instruction was sufficiently timely to require the trial judge to consider it and to justify appellate review of its denial. We also agree with the defendant that the failure of the judge to instruct the jury on the lesser included offenses constituted error. We therefore reverse the convictions and order a new trial.

The defendant raised the lesser-included-offense issue in the following context. The defendant, a young woman of seventeen, and one Robert Janvrin left a bar in Lawrence with the victim at night in the victim's car. They drove to the defendant's home in Andover, where, by prior arrangement, the defendant was going to obtain Percodan pills to sell to the victim. When they arrived at the defendant's home she changed her mind about going through with the arrangement. She and Janvrin conversed out of the hearing of the victim. The defendant testified that Janvrin told her "not to worry about it; that he'd take care of it." The three then reassembled in the car, with the victim at the wheel. The defendant told the victim, falsely, that she had brought the Percodan pills. The victim testified that Janvrin and the defendant directed him to a secluded area. When they stopped, Janvrin and the victim left the car to urinate. According to the victim, once outside the car, Janvrin came after him with a knife and threatened to kill him. The victim tried unsuccessfully to flag down a passing motorist. There was a chase and a struggle on the road during which, according to the victim's testimony, Janvrin stabbed the victim in the face with a knife and the defendant hit him with a pipe and repeatedly yelled, "Kill him, Bobby." The victim testified that he was then dragged into the woods by the defendant and Janvrin, that he was again threatened and beaten all over his body with the pipe, and that Janvrin and the defendant ripped off his clothes. According to the victim, Janvrin and the defendant took his clothing and money and left him seriously injured in the woods.

The defendant in her testimony gave a different version of the events on the road. She denied that she was in the woods. She testified that, when the struggle first began outside the car, she got out of the vehicle and went over to the two men; as the struggle continued, she remained in the road near the car until Janvrin appeared and handed her the victim's clothing and money and told her to find the victim's keys. She stated that she found the keys and returned to the car. She claimed that she had no knowledge that Janvrin had a knife or was using a pipe to beat the victim.[1]

The police came to the scene and found the defendant in the victim's car. They also found the victim's blood-stained clothing and a knife in the car. The defendant told the police the two men were running north towards Route 93. The police made a futile effort at pursuit. Upon their return to the victim's vehicle, they saw Janvrin walking away from it. He immediately ran off and disappeared in the woods. The defendant gave the police a false name and address and a false account of the incident. She later was found to be in possession of the victim's money.

Where there is sufficient "evidence in a case . . . [to] permit a finding of a lesser included offense, a judge must, upon request, instruct the jury on the possibility of the conviction of the lesser included crime, and failure to do so constitutes reversible error. *Commonwealth* v. *Campbell*, 352 Mass. 387, 392 (1967). *Commonwealth* v. *Hobbs*, 385 Mass. 863, 871 (1982). *Commonwealth* v. *Martinez*, 393 Mass. 612, 614 (1985). *Beck* v. *Alabama*, 447 U.S. 625, 635-637 (1980)." *Commonwealth* v. *Thomas*, 21 Mass. App. Ct. 183, 187 (1985). However, " [t]he judge need not reconstruct all possible factual scenarios subsumed in the evidence presented, no matter

---

[1] There is some evidence in the record apart from the defendant's own testimony which tends to support the theory that the defendant did not know about the weapons. The parties stipulated that the driver of the car that the victim tried to flag down would have testified with respect to the incident that, as she was driving, she was approached by two men who tried to get into her car; she did not see a female, and she did not see any weapons. She notified the police of the incident, which brought them to the scene.

how unreasonable, and charge the jury accordingly. There must be some evidence on the element differentiating the greater and lesser offenses." *Commonwealth* v. *Egerton*, 396 Mass. 499, 505 (1986).

There was, in our view, some evidence differentiating the crimes which involved the use or possession of a dangerous weapon from the offenses which did not. The defendant was convicted of armed robbery and assault and battery by means of a dangerous weapon on a joint venture theory. The Commonwealth was thus required to prove not only that the defendant participated in the commission of the crimes but also that she shared with the principal perpetrator the mental state required for conviction. See *Commonwealth* v. *Watson*, 388 Mass. 536, 544 (1983); *Commonwealth* v. *Hennessey*, 17 Mass. App. Ct. 160, 163 (1983). The Commonwealth's evidence was more than adequate to support the convictions. The victim was severely beaten; dangerous weapons unquestionably were used; and the victim ascribed to the defendant an active role in assisting and encouraging Janvrin in the attack. The jury were not required to believe all of the victim's testimony, however. If the jury believed that the defendant did not intend that weapons be used or did not harbor a "conditional or contingent . . . willingness" (*Commonwealth* v. *Richards*, 363 Mass. 299, 307-308 [1973]) to see weapons used should they become necessary to effectuate the robbery or the assault, they could not find that she shared with Janvrin the mental state required for the greater crimes. In those circumstances, she could not be convicted of anything more than unarmed robbery and simple assault and battery. See *Commonwealth* v. *Washington*, 15 Mass. App. Ct. 378, 382 (1983). Compare *Commonwealth* v. *Ferguson*, 365 Mass. 1, 8 (1974).

The defendant's testimony was not a complete denial of involvement in the criminal episode. If that were the thrust of her testimony, we would agree with the Commonwealth and the trial judge that there was no rational basis in the evidence for consideration of the lesser included offenses. See *Commonwealth* v. *Hobbs*, 385 Mass. at 871-872. Compare *Commonwealth* v. *Walden*, 380 Mass. 724, 726-727 (1980). On the

contrary, the defendant testified to extensive involvement: she agreed to the drug deal; when she changed her mind she had a conversation with Janvrin out of the victim's earshot, and Janvrin assured her that he'd "take care of it"; she then lied to the victim about having the drugs; she accompanied Janvrin and the victim in the victim's car; when she saw them start to struggle outside the car she got out and went over to them; she took the victim's clothing and money from Janvrin and, at his direction, she looked for and found the victim's car keys; she misdirected the police in their pursuit of Janvrin; and she gave a false name and a false account of the incident to the police.

The defendant specifically denied knowing that Janvrin possessed or intended to use a knife or pipe against the victim. On the defendant's version of the evidence, the jury could have inferred that she participated with Janvrin in a joint venture to rob and beat the victim but that she did not intend that weapons be used and would not have been willing to have them used. However much the defendant's assertions about her state of mind and knowledge may strain belief, the truth of those assertions presented a question for the jury. See *Commonwealth* v. *Campbell*, 352 Mass. at 398; *Commonwealth* v. *Lewis*, 9 Mass. App. Ct. 842, 843 (1980); *Commonwealth* v. *Powell*, 10 Mass. App. Ct. 57, 58-59 (1980); *Commonwealth* v. *Rosario*, 13 Mass. App. Ct. 920 (1982). Compare *Commonwealth* v. *Thomas*, 21 Mass. App. Ct. at 187-189.

An alternative basis for the judge's refusal to instruct the jury on lesser included offenses, relied on by the Commonwealth in this appeal, was that the defendant's request for such an instruction was untimely. The last witness finished testifying on a Friday afternoon. The judge directed that requests for instructions be presented at that time, and he conducted a charge conference. He was planning to prepare his instructions over the weekend. Defense counsel had submitted eleven requests in writing, but he indicated that he might present one additional request on Monday morning. He told the judge what the subject matter would be; it was something other than lesser included offenses. The judge stated that he would consider a

further submission only as a "suggestion" because of its un-
timeliness. On Monday morning defense counsel for the first
time submitted a request in writing for a charge on lesser
included offenses. Basing his decision both on the merits and
on what he perceived to be the untimeliness of the request
under Mass.R.Crim.P. 24 (b), 378 Mass. 895 (1979), the judge
denied it.[2]

Rule 24 (b), provides: "At the close of the evidence or at
such earlier time during the trial as the judge reasonably directs,
any party may file written requests that the judge instruct the
jury on the law as set forth in the requests . . . ."[3] The request
was not timely under the rule. Moreover, the judge certainly
was reasonable in wanting to receive all requests before the
weekend, which he planned to devote to preparing the charge.
The particular circumstances, however, palliate the offense to
the rule. The request was made before final arguments. There
is no indication that the Commonwealth suffered any prejudice
as a result of the weekend delay. And the judge apparently
had sufficient time to consider the merits of the request. He
ruled both on timeliness and on the merits, commenting, as to
the latter, that the law referred to in the request was correctly
stated but that, as he viewed the evidence in the case, the legal
principle stated was not applicable.

---

[2] He then permitted the defense to reopen its case briefly to read in
evidence the stipulation which is referred to in note 1.

[3] Rule 24 (b) and its Federal counterpart, Rule 30 of the Federal Rules
of Criminal Procedure, serve two purposes. The first is "to require the judge
to inform the trial lawyers in a fair way what the charge is going to be, so
that they may intelligently argue the case to the jury." *Ross* v. *United States*,
180 F.2d 160, 165 (6th Cir. 1950). See *United States* v. *Mendoza*, 473
F.2d 697, 699-701 (5th Cir. 1973); *United States* v. *Clay*, 495 F.2d 700,
707-708 (7th Cir.), cert. denied, 419 U.S. 937 (1974); *United States* v.
*Wander*, 601 F.2d 1251, 1262 (3d Cir. 1979); *United States* v. *Fusaro*,
708 F.2d 17, 22 (1st Cir.), cert. denied, 464 U.S. 1007 (1983); *United
States* v. *Clark*, 732 F.2d 1536, 1541 (11th Cir. 1984). The second is to
assure that the trial judge has adequate time to prepare his charge. See
*Schuermann* v. *United States*, 174 F.2d 397, 401 (8th Cir. 1949); *United
States* v. *Tourine*, 428 F.2d 865, 869 (2d Cir. 1970); *United States* v.
*Hernandez*, 730 F.2d 895, 900 (2d Cir. 1984). The rule should not be
applied inflexibly. See *United States* v. *Davis*, 583 F.2d 190, 195 (5th Cir.
1978); *United States* v. *Clark*, 732 F.2d at 1541; *Commonwealth* v. *Pet-
tingel*, 10 Mass. App. Ct. 916, 917 (1980).

Ordinarily, even in the absence of a specific request, rule 24 (b) notwithstanding, a judge should instruct on lesser included offenses when there is a rational basis in the evidence to do so.[4] Compare *Commonwealth* v. *Deagle*, 10 Mass. App. Ct. 748, 751 (1980). The overriding consideration with regard to jury instructions in a criminal case is that they state the applicable law correctly. Achieving that result usually justifies whatever short delay may be necessary to accomplish it. For these reasons, we do not regard our review of the judge's instructions to be foreclosed by any technical violation of rule 24 (b).

The defendant also contends that there was error in the jury instructions on the intent required for armed robbery. We find no merit whatsoever to that contention.

*Judgments reversed.*

*Verdicts set aside.*

---

[4] We recognize that for tactical reasons at trial a defendant might prefer that no lesser-included-offense instruction be given. When the evidence calls for such an instruction, the matter should at least be discussed, and the discussion should be on the record.