NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-846

COMMONWEALTH

vs.

ROB R., a juvenile.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The juvenile appeals from his conviction, after a jury trial, of assault and battery with a dangerous weapon (to wit: shod foot).[2]  G. L. c. 265, § 15A (b).  He makes two arguments on appeal.  First, he contends that the trial judge erred by failing to instruct the jury, sua sponte, on the lesser included offense of assault and battery, and that this error resulted in a substantial risk of a miscarriage of justice.  Second, he argues that the trial judge abused her discretion by denying his motion to exclude "incomplete" surveillance video recordings.

---

[1] We refer to the juvenile using a pseudonym.
[2] The juvenile was acquitted on two indictments that charged him with (1) armed assault with intent to murder and (2) assault and battery with a dangerous weapon (to wit:  a knife) causing serious bodily injury.

Because we discern no error or abuse of discretion in the judge's rulings, we affirm.

Discussion. a. Lesser included offense instruction. "Ordinarily, even in the absence of a specific request, . . . a judge should instruct on lesser included offenses when there is a rational basis in the evidence to do so." Commonwealth v. Yunggebauer, 23 Mass. App. Ct. 46, 52 (1986). However, where a defendant pursues an "all-or-nothing defense strategy," the trial judge has "no duty to undercut such a strategy by volunteering an instruction on a middle ground," i.e., by providing a lesser included offense instruction sua sponte. Commonwealth v. Mills, 54 Mass. App. Ct. 552, 554 (2002). Here, the juvenile did not request a lesser included offense instruction to the assault and battery with a dangerous weapon charge.[3] Instead, defense counsel argued in closing that the juvenile should be acquitted because he "wasn't in a position to form the intent required to commit the crimes." Where, as here, an instruction on a lesser included offense would be inconsistent with the defendant's trial strategy, the judge is not required to give it and it is generally prudent not to do so. See Mills, 54 Mass. App. Ct. at 554 (concluding that "no error flowed form the judge's failure to instruct, sua sponte,

---

[3] Indeed, defense counsel declined such an instruction.

2

that simple assault and battery was a lesser included offense of assault and battery by means of a dangerous weapon" where "[d]efense counsel's omission of a request for an instruction on the subject appear[ed] consistent with an all-or-nothing defense strategy"). See also Commonwealth v. Roberts, 407 Mass. 731, 737 (1990) (defendant's argument on appeal, that jury might have been reluctant to acquit without option of lesser included offense was "inconsistent" with his "all-or-nothing" trial strategy; "the instructions . . . requested after the fact, might have undermined his tactical decision to seek an acquittal").

Furthermore, even if the juvenile had requested a lesser included offense instruction, we find no rational basis in the evidence that would have required the trial judge to provide one. See Yunggebauer, 23 Mass. App. Ct. at 52. "[E]ven when evidence is introduced that would justify conviction for a lesser included offense, the defendant is not entitled to an instruction thereupon unless the [p]roof on the 'elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense.'" Commonwealth v. Souza, 428 Mass. 478, 494 (1998), quoting Commonwealth v. Egerton, 396 Mass. 499, 504 (1986). See Commonwealth v. Drewnowski, 44 Mass. App. Ct. 687, 692 (1998).

3

In this case, the only element differentiating the greater offense of assault and battery with a dangerous weapon from the lesser included offense of assault and battery is whether the sneakers were used as a dangerous weapon, i.e., in a way that was "capable of producing serious bodily harm" (citation omitted). Commonwealth v. Tevlin, 433 Mass. 305, 310 (2001). It is well-settled that "[f]ootwear, such as a shoe, when used to kick, can be a dangerous weapon" (citation omitted). Id. at 311.

Here, there is overwhelming evidence that the juvenile's sneakers were used as a dangerous weapon. The juvenile can be seen on the video recording kicking the victim repeatedly and forcefully. There is no dispute as to whether the juvenile was wearing his sneakers during the assault, and the sneakers themselves were introduced into evidence. Also, consistent with this video recording, the victim testified that he "got kicked everywhere. I know I got kicked in the head at least twice." Finally, photographs of the victim's injuries, including a bruise on his head, were introduced into evidence. See Commonwealth v. Marrero, 19 Mass. App. Ct. 921, 922 (1984), quoting Commonwealth v. Tarrant, 367 Mass. 411, 416 n.4 (1975) ("Of course where the neutral object is in fact used to inflict serious injury it would clearly be a dangerous weapon").

4

Given the juvenile's decision to pursue an all-or-nothing strategy at trial, the overwhelming evidence of his use of the sneakers as a dangerous weapon, and the lack of any evidence of another battery committed without use of the sneakers,[4] we conclude that the judge did not err by not instructing the jury, sua sponte, on the lesser included offense of assault and battery.

b. <u>Video surveillance recording</u>. The juvenile also argues that the trial judge abused her discretion by denying his motion to exclude "incomplete" surveillance video recordings. Because we conclude that the missing portions of the video do not render the entire recording untrustworthy, we affirm.

"Admissibility of evidence 'is largely committed to the discretion of the trial judge.'" <u>Commonwealth</u> v. <u>Leneski</u>, 66 Mass. App. Ct. 291, 294 (2006), quoting <u>Henderson</u> v. <u>D'Annolfo</u>, 15 Mass. App. Ct. 413, 429 (1983). Ordinarily, "videotapes should be admissible as evidence if they are relevant, they provide a fair representation of that which they purport to

_____

[4] For example, there is no evidence that the juvenile connected any blows with his fists or elbows. Importantly, however, as noted above, the existence of such evidence would not change our analysis because "[e]ven when evidence is introduced that would justify conviction for a lesser included offense, the defendant is not entitled to an instruction thereupon unless . . . the jury may consistently find the defendant <u>innocent of the greater [offense]</u> and guilty of the lesser included offense'" (emphasis added). <u>Souza</u>, 428 Mass. at 494, quoting <u>Egerton</u>, 396 Mass. at 504.

5

depict, and they are not otherwise barred by an exclusionary rule." Commonwealth v. Mahoney, 400 Mass. 524, 527 (1987). "The task of the trial court, in determining whether to admit tape recordings into evidence which contain [missing] or inaudible portions, is to assess whether the . . . portions are so substantial, in view of the purpose for which the tapes are offered, as to render the recording as a whole untrustworthy" (citations and quotations omitted). Commonwealth v. Allen, 22 Mass. App. Ct. 413, 422 (1986). Otherwise, "[a]ny concerns that the defendant ha[s] regarding the surveillance procedures, . . . the method of storing and reproducing the video material," or "the incompleteness of the [video]" are "'properly the subject of cross-examination and affect[] the weight, not the admissibility, of the' [evidence]." Leneski, 66 Mass. App. Ct. at 295-296, quoting Mahoney, 400 Mass. At 530.

Here, the juvenile argues that the video recordings proffered by the Commonwealth were not a fair depiction of the incident because they were missing portions that would have been favorable to the juvenile. Specifically, he contends that the missing video would have shown the victim initiate an attack against the juvenile outside of the complex just prior to the

kicking incident.[5]  However, even if this were true, there is nothing to indicate that the videos were inaccurate as to the acts which gave rise to this charge, i.e., when the juvenile repeatedly kicked the victim inside the facility.  We conclude that the judge did not abuse her discretion in denying the juvenile's motion to exclude the video recordings.[6]

Conclusion.  The juvenile's conviction of one count of assault and battery with a dangerous weapon, in violation of G. L. c. 265, § 15A (b), is affirmed.

Judgment affirmed.

By the Court (Green, C.J., Hand & Hodgens, JJ.[7]),

Joseph F. Stanton

Clerk

Entered:  November 22, 2023.

---

[5] There is, in fact, one video that shows an obstructed view of this initial encounter.  The video appears to be consistent with the victim's testimony at trial.

[6] Further, even if that were not the case, we discern no prejudice to the defendant resulting from the admission of those recordings.  The juvenile suggested at oral argument that the missing video recording would have shed light on his "state of mind," which would have given the jury a better understanding of the "bigger picture."  We do not consider this to be a legally sufficient explanation for how the missing video could have been exculpatory.

[7] The panelists are listed in order of seniority.