COMMONWEALTH *vs.* TIMOTHY HURLEY.

Evidence that one of a noisy crowd near a police officer cried "Kill the damned son of a bitch," about the time when others knocked the officer down, is sufficient to warrant his conviction for an assault upon the officer.

INDICTMENT for an assault upon Seth W. Fogg, a police officer, on July 4, 1867, at Boston.

On the trial in the superior court, before *Brigham*, J., Fogg testified that, about five o'clock in the afternoon of the day charged, he was in Kneeland Street in Boston endeavoring to take a prisoner to the police station, when a crowd of at least two hundred persons gathered there, some of whom knocked him down, but " that he did not receive a blow to his knowledge from the defendant, nor hear his voice, nor see him on said day until he saw him in the station-house after his arrest." Joseph M. Towne, another police officer, testified that the crowd was of " not far from five thousand people," and that he saw the defendant not further than four or five feet distant from Fogg, and heard him cry out there, " Kill the damned son of a bitch!" but

did not know of whom or to whom the cry was made; that "there was great noise and confusion, and many persons were shouting;" and that "about that time" Fogg was knocked down, but the defendant did not strike Fogg, nor make any vio lent motion towards him. Another police officer, named Foster testified that on the occasion in question he did not see the de- fendant strike anybody or make any motion of violence, but heard him cry out, "Kill the damned sons of bitches!" and thereupon arrested him, without knowing of whom or to whom he was crying.

The defendant asked the judge to rule that this evidence was not sufficient to warrant his conviction; but the judge refused so to rule, and instructed the jury "that if in a tumultuous crowd the defendant saw a person by him known to be an officer in the discharge of his duty assaulted, and used words, acts or gestures which might tend to incite and encourage the person then assaulting the officer to assault him, he might be convicted of an assault, notwithstanding he did not in person touch or injure the officer."

*J. S. Holmes,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

CHAPMAN, C. J.   The instructions given were correct, and the evidence as reported is sufficient to authorize the verdict. *Brown* v. *Perkins,* 1 Allen, 89.          *Exceptions overruled.*