## COMMONWEALTH *vs.* MARTIN KENNEDY, JUNIOR.
## SAME *vs.* MARTIN KENNEDY.

Bristol.    Oct. 23. — Nov. 1, 1883.    FIELD & W. ALLEN, JJ., absent.

At the trial of an indictment for an assault upon an officer while in the lawful exe-
cution of the duties of his office, there was evidence tending to show that the
defendant, while in an intoxicated condition, entered a passenger car of a rail-
road corporation, standing upon a track at a station ; that, while in the car, he
engaged in a scuffle with another person in a similar condition ; that he was re-
quested by the conductor in charge of the car to leave the car, and, upon his
refusal to comply, was ejected by the conductor and a brakeman, but imme-
diately entered the car again, and refused to leave at the request of the con-
ductor ; that thereupon an officer came into the car and found the defendant
standing in the car, drunk and staggering about, and cursing and talking in a
drunken manner ; that the conductor requested the officer to eject him ; that
the officer told him to go out, and he refused ; that the officer then told him
that, if he did not go out, he would arrest him ; that the defendant again re-
fused, and the officer arrested him ; and that the defendant resisted and struck
the officer. *Held,* that, upon this evidence, the jury might infer that the arrest
was for being drunk, and that the defendant knew that it was for that cause.

At the trial of an indictment for an assault upon an officer while attempting to
arrest the defendant, who, being intoxicated, was conducting himself in a dis-
orderly manner in a passenger car of a railroad corporation, the officer testified
that he was sent for to go into the car.  On cross-examination, he was asked
whether he was employed by the railroad company to preserve order, or for any
purpose ; to which he replied, that he was not regularly in its employ for any
purpose.  On re-direct examination he was asked who requested him to go into
the car.  This question was objected to by the defendant, but the judge ad-
mitted it ; and the witness stated that it was the station-master of the railroad.
*Held,* that the defendant had no ground of exception.

TWO indictments, charging the defendants, on December 25,
1882, at Attleborough, with an assault upon Elisha C. Brown, a
deputy sheriff, while in the due and lawful execution of the du-
ties of his office.  The cases were tried together in the Superior
Court, before *Mason,* J., who allowed a bill of exceptions, in
substance as follows :

There was evidence tending to show that Kennedy, Jr., while
in an intoxicated condition, entered a passenger car of the Bos-
ton and Providence Railroad Company standing upon a side
track at the passenger station in North Attleborough ; that,
while in the car, he engaged in a scuffle with another person in
a similar condition ; that he was requested by the conductor in
charge of the car to leave the car, and, upon his refusal to comply,

was ejected by the conductor and a brakeman, but immediately entered the car again, and refused to leave at the request of the conductor; that thereupon Elisha C. Brown, a deputy sheriff, came into the car, and found Kennedy, Jr. standing in the car, drunk and staggering about, and cursing and talking in a drunken manner; that the conductor requested Brown to eject him; that Brown thereupon told Kennedy, Jr. to go out, and he refused; that Brown then told him that, if he did not go out, he would arrest him; that Kennedy, Jr. again refused, and Brown arrested him; that the defendant resisted and struck the officer, and thereupon Kennedy, Sr. came up and struck the officer during the struggle. This evidence was contradicted by the defendants and their witnesses. Brown thereupon arrested Kennedy, Sr., too, and locked them both up, and made complaint against both the next morning for drunkenness, and for assault upon him while in the execution of the duties of his office. They were convicted upon the charge of drunkenness, and appealed, and were bound over to the Superior Court upon the charge of assault. The two appeals for drunkenness were tried with these indictments. Kennedy, Jr. was convicted, and Kennedy, Sr. was acquitted, upon the appeals. There was no other evidence of the cause of the arrest.

Brown testified, upon direct examination, that he was sent for to come from his office to the railroad station and go into the car. On cross-examination, he was asked whether he was employed by the railroad company to preserve order, or for any purpose; to which he replied, that he was not regularly in its employ for any purpose. On re-direct examination, he was asked who requested him to go into the car. This question was objected to by the defendant, but the judge admitted it; and the witness stated that it was the station-master of the railroad, who telephoned him to come.

The defendants asked the judge to rule, that there was no evidence that either of the defendants knew that the officer was making the arrest for drunkenness, and that there was no evidence that he did arrest or attempt to arrest either of them for that cause. The judge refused so to rule, but instructed the jury that the failure of Kennedy, Jr. to go out of the car on request was not a legal cause for arrest for any breach of the

peace which occurred before the officer arrived; but that any breach of the peace committed in the presence of the officer was a legal cause for arrest, and forcible resistance by Kennedy, Jr. to his removal by any person authorized to eject him, and using only reasonable force therefor, would be a breach of the peace; that drunkenness in a public place was a legal cause for arrest by any officer then present; that if the officer gave to Kennedy, Jr. a false cause for his arrest, which was insufficient in law to authorize such arrest, then said Kennedy, Jr. was justified in resisting the same with reasonable force, and Kennedy, Sr. in assisting in such resistance, though the officer had an undisclosed cause for arrest sufficient in law to have justified the same; and that it was a question of fact for the jury, on the whole evidence, for what cause the arrest was made, and whether any cause other than the true cause was assigned by the officer, and whether in fact the defendants knew the true cause for the arrest. Other appropriate instructions were given, to which no exceptions were taken.

The jury returned a verdict of guilty, in each case, and the defendants alleged exceptions.

*J. Brown,* for the defendants.

*E. J. Sherman,* Attorney General, for the Commonwealth.

C. ALLEN, J. If the defendant in the first case was drunk and brawling in a railroad car, and persisted in continuing that offence by returning to the car after being removed therefrom, and by refusing to leave when requested to do so by the officer, the jury might well find that the arrest which followed was not for such refusal, but for continuing his offence. The statement by the officer to him, that he would be arrested unless he went out of the car, does not show that the arrest was for such refusal. As in the case of a criminal forcible entry and detainer, where the offence would cease with the abandonment of possession, the refusal to leave the car was coincident with the continuance of the offence, and by leaving the car the aggravation of the offence of drunkenness would cease. In cases of minor crimes, where the continuance of the offence can be checked by other means, it may sometimes be highly proper to omit making an arrest or a formal prosecution. The fact that the arrest in this case would have been waived if, upon request, this defendant

had left the car, that is, if he had discontinued the offence of being drunk in a public place, which warranted his arrest without a warrant, cannot in any just sense be deemed to show that the arrest was not for the commission and continuance of the offence. The jury might naturally infer that the arrest was for being drunk, under the circumstances stated, and that both of the defendants knew that it was for that cause.

The answer of the officer upon his re-direct examination was proper, in explanation of his testimony on cross-examination; and, besides, it appears to have been immaterial.

*Exceptions overruled.*