COMMONWEALTH *vs.* CHESTER A. SAWYER & others.

Worcester.    October 4. — 22, 1886.    DEVENS & W. ALLEN, JJ., absent.

At the trial of an indictment against three persons for assaulting A., a constable and police officer of a certain town, while in the execution of the duties of his office, A. testified that he was appointed a special police officer of the town; that he was patrolling the highway, at the time of the alleged assault, in company with B., another special police officer; that when they arrived at a point opposite the hotel of C., A. was accosted by C., who, after asking the officers if they had any business at his house, struck B., and B. and C. then clinched and engaged in a struggle; that thereupon A. advanced toward the combatants to assist B., when one of the defendants, who had not been seen or heard before, exclaimed, "Hold on there, A., don't strike him;" that, immediately afterwards, another defendant seized A. and held him while the third defendant struck him, and one of the defendants seized A.'s billy, which he had drawn in assisting B.; that each defendant appeared separately, and was recognized by A. as he appeared. A.'s testimony was corroborated by B. There was also evidence tending to show that, among the duties for which A. and B. were appointed, was the surveillance of C.'s house, which was an unlicensed inn and a place of common resort; and that the defendants had lived in the town many years, knew A. and B. well, and were well known by them. The defendants admitted being in the vicinity at the time, but denied assaulting A., or knowing that the person assaulted was an officer. The judge instructed the jury that they might infer from the evidence that the defendants knew that A. was an officer, as alleged in the indictment, and that he was in the lawful execution of his office. *Held*, that the defendants had no ground of exception.

INDICTMENT, against Chester A. Sawyer, William M. Burke, and Ebenezer S. Sawtell, Jr., alleging that the defendants, on July 18, 1886, at Berlin, made an assault upon Appleton D. Parmenter, a constable and police officer of said Berlin, being then and there in the due and lawful execution of the duties of said

office, the defendants well knowing said Parmenter to be such officer and so acting in the execution of the duties of said office.

Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows:

Appleton D. Parmenter testified that he was a special police officer of the town of Berlin, appointed June 9, 1886; that he was patrolling the highway in said Berlin a little after nine o'clock in the evening of Sunday, July 18, 1886, in company with Leonard W. Brewer, another police officer of said town; that when they were at a point in the highway opposite the hotel of one Sydney I. Liscomb, Parmenter was accosted by Liscomb, and asked if he had business in Liscomb's house, and, before anything further was said, Liscomb, addressing Brewer, said, with an oath, "or you either," and immediately struck Brewer, whereupon Brewer and Liscomb clinched and engaged in a struggle; that thereupon Parmenter advanced toward the combatants to assist Brewer, when the defendant Sawtell, who had not before been seen or heard, exclaimed, "Hold on there, Parmenter, don't strike him;" that, immediately after this exclamation, the defendant Burke pulled Parmenter by the coat collar and held him while the defendant Sawyer struck him, and some one of the defendants seized his billy, which he had drawn in assisting Brewer; that the night was dark and rainy, although a light shone on the scene from the hotel, and the defendants were not seen or heard till they accosted and obstructed Parmenter; and that each defendant appeared separately, and Parmenter recognized each at the time of his appearance.

Leonard W. Brewer testified that he lived in Berlin, and was appointed a special police officer just after Parmenter's appointment, and that he was with him at Liscomb's on the night of July 18, when he was assaulted; and the witness described the assault substantially as testified to by Parmenter.

Arthur A. Staples testified that he was at the post-office in Berlin after the assault, and there heard the defendant Sawtell tell one Moore that he took the billy from Parmenter, and that Burke held Parmenter, and Sawyer struck him.

There was also evidence tending to show that, among the duties for which Parmenter and Brewer were appointed, was the surveillance of Liscomb's house, which, without being a

licensed inn, was a place of common resort; that Sawtell came from said house immediately after Liscomb accosted Brewer, as before stated; and that the defendants had lived in the town many years, knew Parmenter and Brewer well, and were well known by them.

The defendants testified in their own behalf, and offered evidence tending to show that the defendant Burke was elsewhere at the time of the alleged assault. The defendants Sawyer and Sawtell admitted being in the vicinity at the time, but denied assaulting Parmenter, or knowing that the person assaulted was an officer.

In charging the jury, the judge, after defining an assault, and instructing them as to what constituted an assault upon an officer, in a way not excepted to, further ruled that the jury might infer from the evidence that the defendants knew that Parmenter was an officer, as alleged in the indictment, and that he was in the lawful execution of his office; and that the jury might return a verdict of guilty of the full charge.

The jury returned a verdict of not guilty as to Burke, and a verdict of guilty as to Sawyer and Sawtell; and they alleged exceptions.

*J. W. Corcoran & H. Parker*, for the defendants.

*E. J. Sherman*, Attorney General, for the Commonwealth.

GARDNER, J. The bill of exceptions does not state that Appleton D. Parmenter, the officer assaulted, was a constable. The indictment alleges that he was a constable, and, if such officer, he must have been elected at the annual town meeting. Pub. Sts. c. 27, § 78. It appears by the bill of exceptions that he was appointed a special police officer of the town, among other things, for the surveillance of the hotel of Sydney L. Liscomb. If he was a constable, he acquired no additional authority from his appointment as police officer, for such officer may have any or all the powers of a constable except the power of serving civil process. Pub. Sts. c. 27, § 85. If Parmenter was a constable, the jury might infer from the time and manner of his election, and from the fact that the defendants had lived in the town many years, and knew Parmenter and Brewer, and were well known by them, that Parmenter was a constable; and, from the other evidence reported, that he was in the lawful execution of his office.

If Parmenter was not a constable, but was a special police officer, appointed by the selectmen for the performance of special duty, we think that the instructions given to the jury were correct. There was evidence tending to show that the defendants, with Liscomb, were watching for the appearance of Brewer and Parmenter, and that when these officers, in the performance of their duty, came opposite the house of Liscomb, they were assaulted by the defendants, and the billy of Parmenter was wrested from his hands. The acts of the defendants, the manner in which Brewer and Parmenter were accosted, the declarations and admissions of the defendants at the trial, their knowledge of Parmenter, the fact that the house of Liscomb was unlicensed and a place of common resort, and that Parmenter's duty as an officer was to watch it, were facts which were properly submitted to the jury, and from which the jury might infer "that the defendants knew that Parmenter was an officer, as alleged in the indictment, and that he was in the lawful execution of his office." *Commonwealth* v. *Kennedy*, 136 Mass. 152. *Commonwealth* v. *Hurley*, 99 Mass. 433. *Exceptions overruled.*