**STATE, Plaintiff-Appellee, v. OLDHAM, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1986.   Decided November 30, 1948.

Mathias H. Heck, Pros. Atty., Herbert M. Jacobson, Asst. Pros. Atty., Dayton for plaintiff-appellee.

Carl Norman, Oldham & Oldham, Dayton, for defendant-appellant.

## OPINION

By MILLER, J.

The defendant in this case was charged with contributing to the delinquency of a minor under the age of eighteen years in that he engaged in immoral and indecedent conduct by exposing his person in the presence of minors. A plea of not guilty was entered. A jury trial was had which resulted in a unanimous verdict of guilty.

The record discloses that evidence was offered over objection by the defendant tending to show that acts of a similar nature were committed by the defendant on several prior occasions. One of the reasons for the objection is the indefiniteness as to the time and place of the commission of the prior acts.. We find no merit to this objection as the record does not sustain this conclusion. The time and place of these prior acts was fixed with reasonable certainty. The other objection to this evidence was upon the ground that the acts testified to were not related to the offense charged. This may well be true but it may tend to show a similarity of animus. Sec. 13444-19 GC clearly provides for the admission of such evidence to show the defendant's motive and intent or the absence of mistake or accident on his part. This statute provides:

"In any criminal case where the defendant's motive, intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing the act in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another or subsequent crime by the defendant."

There is no claim made that the alleged prior acts were dissimilar from those charged and the record would not support such a contention if made. The appellant has cited the case of **State v. Urich**, 41 Abs 145, which is not on all fours with the case at bar for the court there found that there was no similarity of animus. Such a dissimilarity does not here exist. The alleged prior offenses can be of assistance

in determining the criminal intent in this case. In **State v. Moore, 149 Oh St 226,** the rule is well stated as follows:

"To ' be admissible testimony offered under the statute §13444-19 GC must show acts so related to the offense for which a defendant is on trial that they have a logical connection therewith and may reasonably disclose a motive or purpose for the commission of such offense."

See, also, **Brown v. State, 26 Oh St 176.** It is also urged by the appellant that the court failed to properly charge the jury as to the purpose for which this evidence as to prior similar offenses was admissible. The record discloses that the court did not charge the jury as to the purpose at the time of its admission but did properly charge on it in the general charge. This we think was sufficient. See **Barnett v. State, 104 Oh St 298; Lyon v. State, 116 Oh St 266; Scott v. State, 107 Oh St 475.**

It is further alleged that the court erred in permitting the defendant to testify on cross-examination that he was divorced. This objection is not well founded as the record discloses that this statement was volunteered by the defendant in answer to another question. After the defendant volunteered the statement he was asked as to who obtained the divorce and the court permitted him to answer. After he brought up the subject of divorce we can see no prejudicial error in asking the next question.

The record discloses further that a stipulation was entered into the record as to what a certain witness would testify to if called. This stipulation was not read to the jury no request having been made to do so. Counsel has cited no authority which holds this to be error and we do not think that it is. This was evidence for the defense and the duty was upon him to see that his evidence was properly presented to the jury. He was not denied this right. We find no prejudicial error in the record and the judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.