THE STATE OF OHIO, APPELLEE, *v.* GOODE, APPELLANT.

(No. 620—Decided April 13, 1962.)

*Mr. John G. Peterson,* prosecuting attorney, for appellee.
*Mr. Jack H. Patricoff,* for appellant.

KERNS, J. The defendant, Charles Goode, was indicted, tried and found guilty by a jury of violating Section 4931.31, Revised Code, which provides in part as follows:

"No person shall, while communicating with any other person over a telephone, threaten to do bodily harm or use or address to such other person any words or language of a lewd, lascivious, or indecent character, nature, or connotation for the sole purpose of annoying such other person; nor shall any person telephone any other person repeatedly or cause any person to be telephoned repeatedly for the sole purpose of harassing or molesting such other person or his family.

"Any use, communication, or act prohibited by this section may be deemed to have occurred or to have been committed at either the place at which the telephone call was made or was received."

In this appeal, twelve errors have been assigned, the first three of which, as stated by the defendant, are (1) that the verdict of the jury is contrary to law, (2) that the state has failed to prove the defendant guilty beyond a reasonable doubt and (3) that the state of Ohio has failed to prove that the defendant has been guilty for or of violation of any statute within the purview of the indictment filed herein.

Although the defendant's 12 assignments of error are not briefed seriatim, we gather from the tenor of his brief that the first three are directed to the sufficiency of the state's evidence. The record discloses, however, that the evidence presented was of sufficient probative force to support the verdict of the jury. These assignments of error are, therefore, without merit.

The fourth, fifth and sixth assignments of error each raise but one and the same question—whether the indictment was sufficient to advise the accused of the nature of the charge against him. Specifically, the defendant contends that the exact words constituting the "threat" within the scope of the statute must be alleged in the indictment. In this regard, an examination of the indictment discloses that the language used therein is in substance the language of the statute creating the offense, and Section 2941.05, Revised Code, expressly provides that it

is sufficient for an indictment to be in the words of the statute defining the offense. See *State* v. *Yudick*, 155 Ohio St., 269; *State* v. *Childers*, 133 Ohio St., 508; *State* v. *Ullner*, 105 Ohio App., 546, affirmed, 167 Ohio St., 521; *Columbus* v. *Conley*, 73 Ohio Law Abs., 163. The fourth, fifth and sixth assignments of error will, therefore, be overruled.

For his seventh assignment of error, the defendant contends that he "was taken by surprise concerning the introduction of evidence which evidence was remote and unconnected with the allegations contained in the indictment." This assignment is apparently predicated upon the fact that the complaining witness and his wife were permitted to testify concerning numerous other calls made to their home on dates other than August 28, 1960, the date of the offense alleged in the indictment.

The record discloses that this testimony covered prior acts which were quite similar to those charged and closely related in point of time. See Section 2945.59, Revised Code. The nature of the offense makes it incumbent upon the state to show the purpose of the telephone communications, and the intent of the person responsible therefor. In *Brown* v. *State*, 26 Ohio St., 176, 181, the court said:

"While the general rule unquestionably is, that a distinct crime, in no way connected with that upon which the defendant stands indicted, can not be given in evidence against him on the trial, this rule is not applicable to a case in which it is clearly shown that a connection, in the mind of the defendant, must have existed between the offense charged in the indictment and others of a similar nature. When such connection exists, evidence of such other offense is admissible, not for the purpose of raising a presumption of guilt on the hypothesis that a man who commits one crime will probably commit another, but for the purpose of showing a motive or purpose prompting the commission of the offense laid in the indictment; and being competent for this purpose, it could not have been properly excluded on the ground that it tended to prove the commission of other and distinct offenses."

See, also, *State* v. *Oldham*, 53 Ohio Law Abs., 279; 15 Ohio Jurisprudence (2d), 524 and 527, Sections 353 and 356. The record here clearly refutes the defendant's assertion that the

admitted testimony was remote and unconnected with the allegations in the indictment.

The eighth specification of error is that "defendant was taken by surprise as to the bill of particulars filed by the state of Ohio on October 2, 1961 [the date of trial] when a request was seasonably made and filed by the defendant for said bill of particulars on March 1, 1961." In the case of *State* v. *Petro*, 148 Ohio St., 473, the third paragraph of the syllabus provides:

"Whether the failure of the court to order the prosecuting attorney to furnish a bill of particulars setting up specifically the nature of the offense charged is prejudicial error requiring reversal by a reviewing court, depends upon the facts of the particular case."

The same rule applies with equal force to a delay in furnishing a bill of particulars. Here, the motion for a bill of particulars was filed on March 1, 1961. No action was taken upon said motion until the date of trial, at which time a bill of particulars was furnished to the defendant pursuant to an order of the court. When court convened, the following exchange took place:

"The Court: Is the state of Ohio and the defendant ready to proceed?

"Mr. Peterson: If your honor please, the clerk is in the process of filing the bill of particulars, and as soon as that is filed—We are ready to proceed, your honor, but we would like to have those papers in the jacket.

"Mr. Patricoff: We will waive formality on the filing of the papers, certainly.

"The Court: The clerk may administer the oath for the *voir dire* examination of the prospective jurors."

Thereafter, the defendant proceeded to trial without objection, without a request for a continuance, and without a request for any amendment to the bill of particulars furnished to him. Had the defendant expressed some dissatisfaction at that time we would be more favorably disposed toward his contentions now, but having failed to do so he waived any right to complain. Furthermore, the indictment itself is not vague and uncertain, and it does not appear from the record that the accused was prejudiced in his defense because of the belated receipt of the bill of particulars. On the contrary, his willing-

ness to proceed to trial indicates that he understood the nature of the offense charged and was prepared to defend against it. The eighth assignment of error will be overruled.

The ninth assignment of error appears to be a reiteration of the seventh assignment of error, and claims that the court permitted the introduction of improper evidence bearing upon the question of motive and intent. Specifically, the defendant contends that a violation of Section 4931.31, Revised Code, "is not the type of violation wherein it is necessary to show defendant's intent or motive, and therefore, the application of Section 2945.59, Revised Code [the similar-acts statute] does not apply."

The state was required to prove that the purpose of the calls was "for the sole purpose of harassing or molesting such other person or his family." The intent or motive of the defendant was thus an issue in the case. With reference to this issue, the complaining witness testified in part as follows:

"Q. Now, was there ever any time other than this occasion on the 26th of July, in the month of July, 1960, that you had any calls at all from him? A. Yes, sir, every night.

"Q. Every night? A. Every night, sir.

"Q. How long had this been going on every night? A. Every night since January 4, January 31st of 1960."

"* * *

"Q. How many times during the night between 12:55 and 5:30 to 6:30 did you receive calls on different occasions? A. Well, this ranged from, I can't ever remember receiving only one call, but from one to thirty-seven calls, I counted in one night.

"Q. From one to thirty-seven? A. Yes, sir. I don't remember a night of one call from there.

"* * *

"Q. What happened then? A. The early morning of the 28th of August, that was before Mr. Goode called and made these dirty remarks, which led up to him saying that I had better not go to work tomorrow because if I did he had purchased a gun and he did intend to kill me, sir.

"Q. What time of the night or day was that call received? A. It was in the early morning hours, sir, one o'clock, two o'clock, like that.

"Q. And what did he say, specifically, now? A. He says

that I had better not go to work on the following morning, that he had purchased a gun with the intention of killing me, and if I went to work the next morning he definitely would kill me the next day.

"Q. Do you know what time of the night that call was received? A. Approximately one o'clock or one-thirty, sir, in there like that, the same old story over and over until approximately four-thirty it kept coming in.

"Q. From one-thirty until four-thirty, approximately? A. Yes.

"Q. Do you know how many calls were made on that particular night? A. Approximately eighteen."

The wife of this witness also testified along the same line to show that the calls were made for the sole purpose of harassment, and the defendant did not take the witness stand to contradict the testimony of either. The ninth assignment of error will be overruled.

For his tenth assignment of error, the defendant contends that he was prevented from having a fair trial because "the court failed to instruct the jury on the law regarding alibi after testimony was submitted to the jury on the matter of alibi."

At the conclusion of defendant's case, a brother-in-law of the defendant, age 14, and a sister-in-law of the defendant, age 16, were permitted to testify without objection that the defendant was in Williamsburg, Ohio, at the time of the alleged offense. At the conclusion of the trial, the state moved that all alibi testimony be stricken because notice of alibi was not filed and served upon the prosecuting attorney as required by Section 2945.58, Revised Code. This motion was overruled on the basis that it was not seasonably made.

Proceeding on the theory that the defense of alibi was properly an issue in this case, it would thus appear that the defendant was afforded the benefit of considerable testimony which was otherwise objectionable. *State* v. *Nooks,* 123 Ohio St., 190; *State* v. *Thayer,* 124 Ohio St., 1. But it is doubtful that the defense of alibi was an issue at all. This defense means that the defendant claims he was at some place other than the scene of the crime at the time the crime was taking place, and hence could not be guilty thereof. *State* v. *Payne,* 104 Ohio

App., 410. The use, communication or act prohibited by Section 4931.31, Revised Code, "may be deemed to have occurred or to have been committed at either the place at which the telephone call was made or was received." Here, there was substantial evidence that the calls were received in Greene County and were from the defendant. The statute anticipates that the person making such calls will be elsewhere. Therefore, the testimony that the defendant was elsewhere, even if believed by the jury, would not necessarily preclude involvement in the offense charged or establish the defense of alibi. Furthermore, the defendant did not request an instruction on the defense of alibi. Nor does it appear from the record that the defendant was prejudiced in any way by the failure of the court to give such an instruction. The tenth assignment of error will be overruled.

The eleventh assignment of error is that the verdict of the jury is against the manifest weight of the evidence. But, as heretofore indicated, there was sufficient competent evidence presented by the state, if believed by the jury, to support the verdict. And the fact that the defendant failed to testify in his own behalf probably militated strongly against his case.

The twelfth assignment of error refers to "all errors apparent on the face of the record," and will likewise be overruled. A reviewing court is required to disregard any error unless the accused is misled or prejudiced thereby, or unless it affirmatively appears that the accused was or may have been prejudiced thereby, or was prevented from having a fair trial. Section 2945.83, Revised Code. After an examination of the present record, we find no assignment of error well made.

The judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.