COMMONWEALTH *vs.* WILFREDO ROSARIO. January 29, 1982. The defendant appeals from his conviction on a complaint charging him with assault and battery on a police officer. G. L. c. 265, § 13D.

1. The defendant requested that the jury be instructed that if they should find the defendant intended to commit an assault and battery on someone other than a police officer, then they would be warranted in convicting him of the lesser included offense of assault and battery. See G. L. c. 265, § 13A. Cf. *Commonwealth* v. *Sawyer,* 142 Mass. 530 (1886); *Commonwealth* v. *Delehan,* 148 Mass. 254 (1889). There was evidence to show that the defendant did not specifically intend to strike the officer: a number of persons had gathered at the scene of the accident, there was much commotion and argument, and the defendant swung his fist at a third man who dodged the blow which was caught by the officer. It was error not to give the instruction requested by the defendant because "'the evidence provide[d] a rational basis for acquitting [him] of the crime charged and convicting him of the lesser included offense.'" *Commonwealth* v. *Powell,* 10 Mass. App. Ct. 57, 58 (1980). See *Commonwealth* v. *Campbell,* 352 Mass. 387, 398 (1967); *Commonwealth* v. *Lewis,* 9 Mass. App. Ct. 842, 843 (1980). Whether that evidence was credible was for the jury to decide.

2. It is unnecessary to consider the defendant's remaining allegations of error as they are unlikely to recur at any retrial on the complaint. However, should the defendant request the appointment of an interpreter at a retrial, his motion is to be considered without reference to the findings previously made on the issue of his ability to understand and to speak the English language. The manner in which these findings were made and

filed, cf. *Mancuso* v. *Mancuso*, 12 Mass. App. Ct. 973, 974 (1981), leaves them subject to such serious question that they must be disregarded in any further proceedings.

*Judgment reversed.*

*Verdict set aside.*

*Emily Joselson* (*Milly Whatley* with her) for the defendant.

*William E. Loughlin*, Assistant District Attorney, for the Commonwealth.