COMMONWEALTH *vs*. KEVIN FRANCIS.

Worcester. May 14, 1987. — August 4, 1987.

Present: GREANEY, C.J., DREBEN, & KASS, JJ.

*Assault and Battery. Correction Officer. Imprisonment. Practice, Criminal,* Instructions to jury, Presumptions and burden of proof. *Self-Defense.*

At the trial of a complaint for assault and battery on a correction officer, no error appeared in the judge's failure to give a specific instruction, which the defendant did not request, that knowedge of the officer's status was an element of the offense, where the instructions did set forth a requirement of such knowledge for a finding of guilt and where, viewed as a whole, the charge sufficiently conveyed that the Commonwealth had the burden of proof on the issue. [581]

At the trial of a complaint for assault and battery on a correction officer, no error appeared in the judge's instruction on the defense of self-defense as applicable to the use of excessive force by the officer, and error, if any, in the judge's failure to charge more explicitly on ordinary self-defense was harmless, where the jury did not convict the defendant of the lesser charge of assault and battery. [581-582]

COMPLAINT received and sworn to in the Gardner Division of the District Court Department on December 5, 1984.

On appeal to the jury session the case was tried before *Matthew R. McCann*, J.

*Diana L. Maldonado*, Committee for Public Counsel Services for the defendant.

*Harry D. Quick, III*, Assistant District Attorney, for the Commonwealth.

DREBEN, J. The defendant was convicted of assault and battery on a correction officer. G. L. c. 127, § 38B. He claims error in the judge's instructions. More specifically, he urges that the judge did not, as required, instruct that the defendant's knowledge of the officer's status is an element of the offense and that the Commonwealth had the burden of proof on this

issue. The defendant also complains of the judge's instructions on self-defense. We affirm.

The evidence relevant to this appeal was, in large part, undisputed. The defendant, an inmate of North Central Correctional Institution at Gardner, was in the serving line in the dining hall of that institution when another inmate, one Everett Selvelky, threw a tray of food at him. A struggle ensued, punches were exchanged, and Selvelky attempted to jab the defendant with a fork. In the course of restraining the two inmates, a correction officer was injured. The Commonwealth contended that the officer was assaulted by the defendant.

The defendant claimed that he did not know that a correction officer was involved. He testified that, after Selvelky threw the tray at him, Selvelky tried to stab him in the neck and midsection with a fork. In defending himself, the defendant struck Selvelky. "People just started jumping on my back coming from behind and alongside of me . . . . I though they might have been friends of Selvelky or something. I wasn't sure." The defendant testified that he did not know who was trying to subdue him or that the persons who grabbed him from behind were correction officers. He was just trying to get away and may have flailed his arms in the attempt.

The relevant statute, G. L. c. 127, § 38B, set forth in the margin,[1] does not explicitly require that a defendant have knowledge of the victim's identity. In construing a similar statute, G. L. c. 265, § 13D, as appearing in St. 1975, c. 680, assault and battery "upon a police officer . . . engaged in the performance of his duty," we have required a specific intent to strike a police officer. *Commonwealth* v. *Rosario,* 13 Mass. App. Ct. 920 (1982). Older cases suggest that knowledge of the officer's identity was required to establish the common law offense. See *Commonwealth* v. *Kirby,* 2 Cush. 577, 579,

[1] General Laws c. 127, § 38B, as appearing in St. 1966, c. 279, provides in relevant part: "A prisoner in any jail or house of correction, or in any correctional institution of the Commonwealth who commits an assault or an assault and battery upon an officer, guard or other employee of such jail, house of correction or institution shall be punished by imprisonment in the state prison for not more than five years."

581-582 (1849); *Commonwealth* v. *Hurley,* 99 Mass. 433, 434 (1868); *Commonwealth* v. *Sawyer,* 142 Mass. 530, 533 (1886). See also G. L. c. 277, § 79, suggesting an indictment form including the language "as said (defendant) well knew.[2]

We need not belabor the point because, in any event, as we point out later, the judge charged that knowledge of the victim's identity as a correction officer was required. We also note that where, as here, the issue of self-defense against an officer is material, the question of the defendant's knowledge or at least his reason to know of the officer's identity is relevant. This is true even under the Federal authorities and is based on the premise that "an honest mistake of fact would not be consistent with criminal intent." *United States* v. *Feola,* 420 U.S. 671, 686 (1975). See *United States* v. *Ulan,* 421 F.2d 787, 789-790 (2d Cir. 1970); *United States* v. *Perkins,* 488 F.2d 652, 654-655 (1st Cir. 1973), cert. denied, 417 U.S. 913 (1974); *United States* v. *Nerone,* 563 F.2d 836, 850 (7th Cir. 1977), cert.

---

[2] The Commonwealth, relying on Federal authority, *United States* v. *Feola,* 420 U.S. 671 (1975), seeks to establish that knowledge of the victim's identity as a correction officer is not required under G. L. c. 127, § 38B. Both the majority (420 U.S. at 683) and minority opinions (420 U.S. at 698) in *Feola* recognize that the State-law counterparts to the statute there construed (18 U.S.C. § 111 [1970]) require some degree of knowledge. Our research also suggests that such a requirement is the norm, although often based on statutory language somewhat more explicit than that of G. L. c. 127, § 38B. For statutes, see, e.g., Ariz. Rev. Stat. Ann. § 13-1204(A) (7) (Supp. 1986); Ark. Stat. Ann. § 41-1602(1) (d) (i) (Supp. 1985); Cal. Penal Code § 245(c) (West Supp. 1987); Colo. Rev. Stat. § 18-3-203(1) (f) (1986); Ill. Rev. Stat. c. 38, par. 12-2(a) (6) (1985); La. Rev. Stat. Ann. § 14:34.2(A) (1) (West 1986); Nev. Rev. Stat. § 200.481(2) (c) (3) (1985); Tex. Penal Code Ann. § 22.03(a) (1) (Vernon Supp. 1987); Wis. Stat. Ann. § 940.20(2) (West Supp. 1986). For cases, see, e.g., *Murry* v. *State,* 455 So.2d 72 (Ala. 1984); *Evans* v. *State,* 452 So.2d 1093 (Fla. Dist. Ct. App. 1984); *State* v. *Morey,* 427 A.2d 479, 481-485 (Me. 1981); *Norman* v. *State,* 385 So.2d 1298, 1301 (Miss. 1980); *State* v. *Moll,* 206 N.J. Super. 257, 259-261 (1986); *People* v. *Harris,* 67 A.D.2d 665 (N.Y. App. Div. 1979). *State* v. *Fender,* 358 N.W.2d 248, 252-253 (S.D. 1984). But see *McKinney* v. *State,* 50 Ala. App. 271, 273-274, cert. denied, 414 U.S. 1027 (1973); *State* v. *Compton,* 104 N.M. 683, cert. denied, 479 U.S. 890 (1986); cf. *State* v. *Bradley,* 215 Kan. 642 (1974). See generally 2 LaFave & Scott, Substantive Criminal Law § 7.15, at 310 (1986), and 2 Torcia, Wharton's Criminal Law § 202 (14th ed. 1979).

denied sub nom. *Hornstein* v. *United States,* 435 U.S. 951 (1978); *United States* v. *Plummer,* 789 F.2d 435, 438 (6th Cir. 1986).

The right of an individual to defend himself is modified where a police or correction officer is involved. Even in circumstances where the defendant would be justified in using force in lawful defense of his person against a third person, he may not do so against a police or correction officer unless the officer uses excessive or unnecessary force. *Commonwealth* v. *McMurtry,* 20 Mass. App. Ct. 629, 632 (1985). Where the status of the victim affects the privileged use of force in self-defense, the cases cited above indicate that the prosecution should show that the defendant knew or had reason to know of the victim's identity. See also *Commonwealth* v. *Moreira,* 388 Mass. 596, 601 (1983).

We turn to the judge's charge. The judge first instructed the jury on assault and battery generally. When he reached the more specific offense of assault and battery on a correction officer, he outlined the right of an officer to use force to effectuate an arrest or to maintain order. See G. L. c. 127, § 33. He explained the general rules applicable to self-defense and then pointed out, in accordance with the principles set forth above, that the rules in prison are different. He stated:

> "I have outlined for you now, the jury, the considerations you must weigh in deciding whether the Correctional Officers used appropriate or excessive force and whether the Defendant Francis committed an unlawful assault and battery or acted in justifiable self-defense against excessive force in the dining hall."

After discussing certain issues relating to a codefendant, the judge continued:

> "Summarizing now, the Government has the burden of proof. For the Defendant Francis to be found guilty of the crime of assault and battery upon an Officer . . ., the Commonwealth must prove the following elements, each beyond a reasonable doubt: That the Defendant Francis

committed an assault and battery . . . number two, that the Defendant was at the time of the incident an inmate at the NCCI, . . . number three, that the victim . . . of the assault and battery was an . . . Officer . . . of the NCCI Institution . . . and number four, that the prisoner Francis at the time of the offense was not engaged in a lawful act of self-defense. The Commonwealth has the burden of proving the truth of each one of these four elements, and it must prove each one beyond a reasonable doubt . . . . There is just one exception to the above. The evidence introduced on behalf of the Defendant Francis tended [*sic*] to convince you on his part that he did not know that the persons with whom he was making physical contact in the dining hall were Correctional Officers. The facts, of course, are for you to decide. *If you find, though, that the Commonwealth has proven all of the elements of the crime as I have just outlined them to you, except that the Defendant did not know the identity of the victims of his assault and battery* — in other words, did not know they were Correctional Officers — then you may find the Defendant guilty not of the charge of assault and battery againt a Correctional Officer, but only of a lesser crime of mere assault and battery against a person. It's what we call a lesser included crime." (Emphasis supplied.)[3]

At the close of the judge's charge, the defendant's counsel requested that "it should be made perfectly clear to the jury that the defendant must have known at the time of the striking that he was striking a corrections officer." Counsel also asked the judge to charge on the principles of self-defense which would be applicable if the defendant did not realize that the victim was a correction officer. It was the judge's view that he had already instructed in accordance with the defendant's

---

[3] Defense counsel did not object at trial, and now argues for the first time on appeal, that the italicized language impermissibly shifted the burden of proof on the issue of the defendant's knowledge.

requests based on *Commonwealth* v. *Rosario,* 13 Mass. App. Ct. at 920.[4]

1. We think the charge sufficiently alerted the jury to the requirement that the defendant had to have knowledge that the victim was a correction officer, and that the burden of proof on this issue was on the Commonwealth. In addition to the excerpts from the charge set out above, the judge instructed the jury extensively on the Commonwealth's burden of proof beyond a reasonable doubt, the presumption of the defendant's innocence, and the fact that the defendant did not have the burden of proving himself not guilty. Viewing the instructions as a whole, we do not consider the italicized language to have shifted the burden of proof. See *Commonwealth* v. *Sylvester,* 400 Mass. 334, 337-338 (1987).

While the defendant now urges that knowledge of the victim's identity should have been stated as an element of the offense, he did not make any such request at trial. In any event, the instructions set forth a requirement of knowledge even though not defined as an element of the crime charged. See *United States* v. *Dixon,* 558 F.2d 919, 921 (9th Cir. 1977), cert. denied, 434 U.S. 1063 (1978). See also *Commonwealth* v. *Aronson,* 330 Mass. 453, 457-458 (1953).

2. We find unpersuasive the defendant's criticism of the charge on self-defense. Just prior to the giving of the instruction on self-defense quoted above, the judge told the jury:

> "A defendant cannot use force to resist an arrest or to oppose restraining actions while in prison by one he knows or has reason to know is an authorized Police Officer or Correctional Officer engaged in the performance of his duties. But if an Officer or Correctional Officer uses excessive force in his attempt to subdue a prisoner, [the latter] may defend himself by employing only such force as may be reasonably necessary to counteract the excessive force used against him . . . ."

---

[4] On appeal, defense counsel concedes that, although trial counsel objected to the giving of any instruction on self-defense, instructions on that issue were appropriate. See *Commonwealth* v. *Burbank,* 388 Mass. 789, 793, 795, 796 (1983).

The defendant objects to the standard "has reason to know." Here again he made no protest to the trial judge. In any event, there was no error. The language is almost verbatim that of *Commonwealth* v. *Moreira,* 388 Mass. at 601 — "a person may not use force to resist an arrest by one who he knows or has good reason to believe is an authorized police officer . . . ." Compare Model Penal Code § 3.04 comment 2, at 35-36 (1985).

The defendant also argues that the charge on self-defense was improperly limited to a discussion of a defense against excessive force and that the judge did not charge sufficiently on ordinary self-defense. The limited charge, he claims, implied that the defendant had conceded that he knew he was resisting an officer. Assuming with the defendant that the judge should have charged more explicitly on ordinary self-defense, we think the error harmless. The judge, as previously quoted, instructed the jury that, if the defendant did not know that the victim was a correction officer, the jury could only find him guilty of the lesser crime of simple assault and battery. Since the jury found the defendant guilty of the greater offense, they must have determined that he knew the identity of the victim. As a consequence, any error or omission in the charge as to self-defense was not prejudicial.

*Judgment affirmed.*