COMMONWEALTH *vs.* RICHARD STRAHAN. No. 89-P-1251. May 3, 1991. *Trespass. Real Property*, Trespass. *Telephone.*

After a jury-waived trial in the District Court, the defendant was convicted of trespass (G. L. c. 266, § 120) and making annoying telephone calls (G. L. c. 269, § 14A). On appeal, he claims that (1) there was insufficient evidence of notice and trespass and (2) it could not be found beyond a reasonable doubt that the sole purpose of his telephone calls was to harass and annoy. We conclude that the Commonwealth offered sufficient, competent evidence of notice and trespass but failed to prove that the sole reason for the telephone calls was to harass and annoy.

The following facts could have been found by the District Court judge. On August 19, 1987, a woman was an apartment tenant at certain premises in Pelham. On that date, at approximately 1:40 A.M., she asked a friend who was visiting with her to investigate noises she heard coming from outside the building. The friend found the defendant at the base of

the steps leading to the house. At the time, the defendant was shouting and throwing an outdoor chair around. The friend told the defendant to leave. When the defendant refused, the friend shut the door to the apartment and started to telephone the police. While he was speaking on the telephone, the defendant, without invitation, opened the door and entered the apartment. The friend then kicked the defendant in the stomach and literally out the door. During this incident, the woman's housemate ordered the defendant to leave the premises. He did not leave immediately but instead remained on the premises for five to ten minutes continuing a verbal exchange with the occupants.

The next morning, the defendant called the woman on the telephone approximately eleven times in seven minutes. She testified that the defendant stated in these calls that he merely wished to speak with her. He also later left four or five long messages on her answering machine. The Commonwealth's evidence indicates that the defendant and the woman had been involved in a long on-again off-again relationship, and, whenever she attempted to discontinue that relationship, the defendant typically would engage in behavior designed to change her mind such as making frequent telephone calls to her. On occasion, such behavior was followed by a reestablishment of communication.

*Trespass.* General Laws c. 266, § 120, as amended through St. 1983, c. 678, § 6, which was set forth in full in the complaint, states in part: "Whoever, without right enters or remains in or upon the dwelling house . . . or improved or enclosed land . . . of another, after having been forbidden so to do by the person who has lawful control of said premises, whether directly or by notice posted thereon . . . shall be punished . . . ." In *Commonwealth* v. *Richardson*, 313 Mass. 632, 637 (1943), the court made clear that there are two distinct ways in which the statute can be violated. The first is by entering the premises after having been forbidden to do so. The second is by remaining on the premises after having been asked to leave. See also *Commonwealth* v. *Hood*, 389 Mass. 581, 589 (1983).

The summarized evidence amply supports the conclusion that the defendant was ordered to leave by a person in control of the premises,[1] that he refused to do so, and that he remained for five to ten minutes. The defendant argues on appeal that, since the housemate did not testify, evidence of her telling him to leave was inadmissible hearsay and, therefore, that competent proof of notice was lacking. The absence of any trial objection to that evidence, however, endowed it with full probative force. *Commonwealth* v. *Reynolds*, 338 Mass. 130, 135-136 (1958). *Commonwealth* v. *Dello Iacono*, 20 Mass. App. Ct. 83, 86 n.8 (1985). Liacos, Massachusetts Evidence 74-75 (5th ed. 1981). The defendant also ignores his own

---

[1]The defendant conceded in his brief that the woman's housemate was authorized to order him off the premises.

testimonial admission that he had been ordered to leave by the housemate. Moreover, an extrajudicial statement "is not hearsay when offered to show that the person to whom the declaration was made received notice, where notice is required . . . ." *Liacos, supra* at 263. Hughes, Evidence § 453(2) (1961 & Supp. 1989). See *Regan* v. *John J. Amara & Sons*, 348 Mass. 734, 737 (1965).

*Telephone calls.* General Laws c. 269, § 14A, as amended through St. 1978, c. 379, § 3, states in relevant part: "Whoever telephones another person, or causes any person to be telephoned, repeatedly, for the sole purpose of harassing, annoying or molesting such person or his family, whether or not conversation ensues . . . shall be punished . . . ." It is reasonable to conclude that the Legislature, in using the term "sole purpose," sought to avoid the constitutional pitfalls involved with the criminalization of speech or communication. Compare *Caldwell* v. *State*, 26 Md. App. 94, 101 (1975). See Annot., Use of Telephone to Annoy or Harass, 95 A.L.R.3d 411 (1979 & Supp. 1990). The result is a statute which does not "criminalize the normal risks of unpleasant human intercourse emanating from neighborhood feuds, romantic rumbles, [and] family fall-outs . . . ." *State* v. *Patterson*, 534 S.W.2d 847, 850 (Mo. Ct. App. 1976).

While the evidence admits of a finding that a desire to harass may have been part of the defendant's objective in calling the woman eleven times in seven minutes, it does not support the conclusion that such was his sole purpose. In light of their past relationship, nothing in the evidence furnished a reasonable basis for concluding that the defendant was not motivated at least in part by a desire to reestablish a relationship with the woman. The conviction must be reversed, notwithstanding that the calls may have had harassing effect. Compare *Commonwealth* v. *Voight*, 28 Mass. App. Ct. 769, 773-774 (1990); *United States* v. *Darsey*, 342 F. Supp. 311, 314 (E.D. Pa. 1972) (repeated calls to the defendant's former mother-in-law inquiring about the safety and whereabouts of his son were not intended solely to harass); *State* v. *Patterson, supra* at 851-852 (defendant mayor's numerous calls to city clerk at her grocery store requesting or demanding that she return city books were not made solely to harass). Contrast *People* v. *Smith*, 89 Misc. 2d 789 (N.Y. App. Term.), cert. denied, 434 U.S. 920 (1977) (though the defendant's initial call to the police department had a legitimate purpose, his next twenty-seven calls after being informed that the subject of his complaint was civil, not criminal, were intended solely to harass); *State* v. *Goode*, 118 Ohio App. 479 (1962) (evidence sufficient to find defendant's repeated calls numbering as many as thirty-seven per night were for sole purpose of harassment).

The evidence of the content of the calls considered in light of the defendant's past experience with frequent telephone calls to the woman precludes any reasonable conclusion that the sole purpose of his calls was to harass. Accordingly, we hold that the defendant's motion for a required

finding of not guilty with respect to the complaint under G. L. c. 269, § 14A, should have been allowed at the close of the Commonwealth's case.

The judgment of guilty of trespassing is affirmed. The judgment of guilty of making annoying phone calls is reversed, the finding is set aside, and judgment is to be entered for the defendant.

*So ordered.*

*James A. Couture* for the defendant.

*Ariane D. Vuono*, Assistant District Attorney, for the Commonwealth.