NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-323

COMMONWEALTH

vs.

MISAEL CONTRERAS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court jury found the defendant guilty of assault and battery on a police officer, G. L. c. 265, § 13D, and trespassing, G. L. c. 266, § 120.[1]  On appeal, the defendant argues that his motions for required findings of not guilty should have been allowed as to both counts.  We affirm.

Background.  We recite the facts in the "light most favorable to the Commonwealth," Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  On July 12, 2019, the defendant's then wife drove the defendant back to her apartment.  At the time, the defendant and his wife were separated, and she had a lease on which the defendant was not listed.  After the defendant started cooking some food, he and his wife got into an

---

[1] The jury found the defendant not guilty of disorderly conduct and resisting arrest.

argument over money. The defendant had been drinking shots of bourbon. The defendant became angry, so his wife asked him to leave her apartment. The defendant, however, refused to leave. He broke his wife's microwave and pulled down a curtain. The defendant's wife repeatedly asked the defendant to leave, at least five times, but the defendant refused to leave. She called her daughters and asked them to come to the apartment and tell the defendant to leave. When the daughters arrived, one of them called the police.

Blackstone police officers came to the apartment and found the defendant yelling in the hallway. The officers told the defendant four or five times to leave the apartment building, but he refused to exit "unless his son came to shoot him or he left with the police." One of the defendant's wife's daughters offered to drive the defendant home, but he refused. The defendant was placed under arrest.

After a struggle with the police, the defendant was handcuffed and placed in the back of a police cruiser. During the ride to the police station, the defendant made derogatory statements toward the officer. While in the booking area, the defendant reached down and grabbed the police officer's "privates," which caused an "immense amount of pain." The officer testified that he yelled out, "You just grabbed me by

2

the balls" or "something to that effect."  A physical struggle between the defendant and police officers ensued.

Discussion.  1.  Standard of review.  In reviewing the sufficiency of the evidence, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Latimore, 378 Mass. at 677, quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). "The relevant question is whether the evidence would permit a jury to find guilt, not whether the evidence requires such a finding" (citation omitted).  Commonwealth v. Sinforoso, 434 Mass. 320, 326-327 (2001).  "Because the defendant moved for required findings at the close of the Commonwealth's case and again at the close of all the evidence, '[w]e consider the state of the evidence at the close of the Commonwealth's case to determine whether the defendant's motion should have been granted at that time.  We also consider the state of the evidence at the close of all the evidence, to determine whether the Commonwealth's position as to proof deteriorated after it closed its case.'"  Commonwealth v. O'Laughlin, 446 Mass. 188, 198 (2006), quoting Commonwealth v. Sheline, 391 Mass. 279, 283 (1984).

2.  Assault and battery on a police officer.  The defendant claims that there was insufficient evidence presented to

3

establish that he assaulted the police officer because the booking video footage does not show the actual assault, and "with no visual evidence," "all that the jury had to go on was the accusation of the Sergeant." To convict a defendant of assault and battery on a police officer, the Commonwealth must prove that the defendant committed "an assault and battery upon any public employee when such person is engaged in the performance of his duties at the time of such assault and battery." G. L. c. 265, § 13D. The Commonwealth must also prove that the defendant knew that the victim was an officer engaged in the performance of his duties. Commonwealth v. Francis, 24 Mass. App. Ct. 576, 577 (1987).

There was sufficient evidence to establish that the defendant, intentionally and without justification, touched the officer in his private area while the officer was bringing the defendant into the booking area to be booked. The police officer clearly was engaged in the performance of his duties, which the defendant undoubtedly knew since the defendant had been arrested and was at the police station to be booked. The defendant does not assert otherwise. Contrary to the defendant's argument, the testimony of the officer was sufficient for a jury to conclude that the defendant committed an assault and battery. Commonwealth v. Gonzalez Santos, 100 Mass. App. Ct. 1, 6 (2021) (victim's testimony alone suffices to

support conviction).  Moreover, the booking video footage corroborates the officer's testimony, where the sergeant plainly yells, "you grabbed my nuts."  This evidence was sufficient to support the defendant's assault and battery on a police officer conviction and was not undermined by the testimony of the defendant or his witness.

3.  Trespass.  The criminal trespass statute provides, in pertinent part, that "[w]hoever, without right enters or remains in or upon the . . . improved or enclosed land . . . of another, . . . after having been forbidden so to do by the person who has lawful control of said premises, whether directly or by notice posted thereon, . . . shall be punished."  Commonwealth v. Grayson, 96 Mass. App. Ct. 748, 756 (2019), quoting G. L. c. 266, § 120.  A defendant may be found in violation of the statute by "remaining on the premises after having been asked to leave."  Commonwealth v. Strahan, 30 Mass. App. Ct. 947, 948 (1991).

Because the defendant's name was not on the lease for the apartment, he could only lawfully remain on the premises with his wife's permission.  The defendant's wife repeatedly told the defendant to leave the apartment and the defendant refused multiple times.  The police also repeatedly asked him to leave the building and he refused.  This evidence was sufficient to

5

support the conviction of trespass and did not deteriorate after the defendant and his witness testified.

Judgments affirmed.

By the Court (Henry,
D'Angelo & Hodgens, JJ.[2]),

*Anne M. Thomas*

Assistant Clerk

Entered:   February 22, 2024.

---

[2] The panelists are listed in order of seniority.