NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-950

COMMONWEALTH

vs.

CLAYDEN CHANCE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant was convicted of assault and battery on a correctional facility employee (assault and battery), G. L. c. 127, § 38B (b).[1]  He appeals, claiming that the evidence was insufficient to support his conviction and that his trial counsel was ineffective for not requesting an instruction on self-defense.  We affirm.

Background.  "Because the defendant challenges the sufficiency of the evidence presented, we summarize the facts the [judge] could have found in the light most favorable to the

_____

[1] The defendant was found not guilty of assault and battery with a dangerous weapon, G. L. c. 265, § 15A (b).

Commonwealth." Commonwealth v. Tavares, 471 Mass. 430, 431 (2015). In April 2021, the defendant was an inmate at the Barnstable house of correction. He was placed in the quarantine unit where, to mitigate exposure to COVID-19, the correction officers were instructed to allow only one inmate out of their cell at a time.

On the morning of the incident, the defendant requested a plunger from a correction officer because the toilet in his cell had overflowed. Because there was another inmate out of his cell, the correction officer told the defendant that he would open his cell door and give him a plunger when the other inmate returned to his respective cell. The defendant became unhappy and agitated and said, "Fuck you, bitch," to the correction officer.

Sometime later, the canteen clerk delivered food to the defendant by placing a bag on a metal table outside of the defendant's cell. The defendant was instructed to retrieve his food items from the metal table and then return to his cell "without wandering anywhere else." When the clerk opened the defendant's cell door, instead of going to the table to get his food, the defendant went over to a sink some distance away, which was in the opposite direction of the table. The defendant walked at a fast pace with his head down while carrying an empty

shampoo bottle.  The correction officer instructed the defendant that it was not time for him to do anything other than retrieve his food and return to his cell.  The defendant ignored the correction officer's instructions multiple times.  Once at the sink, the defendant began filling up the shampoo bottle with hot water from the instant hot water tap.  The instant tap "produces hot water that is at a higher temperature than the normal sink"; it is "typically used for cooking, such as ramen noodles, soups, rice and making coffee."

The correction officer ordered the defendant to put the bottle down and to return to his cell.  In response, the defendant said, "I've got something special for you."  The correction officer perceived the statement as a threat and thought "that [he] was maybe in jeopardy of being assaulted with the hot water."  The correction officer again ordered the defendant to put the bottle down; the defendant again ignored the command.  Consequently, the correction officer "felt it was necessary to go hands on to try and disarm [the defendant] of that weapon."  The correction officer proceeded to push the defendant against the table and tried to knock the bottle out of his hands.  In response, the defendant turned toward the correction officer, swung his right arm up, and splashed the hot water on the side of the correction officer's head.  The hot

3

water caused minor blistering to the correction officer's head and neck.

The entire encounter between the defendant and the correction officer is on videotape and was viewed by the trial judge. The canteen clerk also saw the altercation and testified at trial.

Discussion. 1. Sufficiency of the evidence. The defendant asserts there was insufficient evidence to support the conviction of intentional assault and battery. The canteen clerk's testimony that he saw the defendant throw the hot water at the correction officer, if credited, plainly was sufficient to establish the elements of assault and battery on a correction officer. See Commonwealth v. Porro, 458 Mass. 526, 529-530 (2010) (setting forth elements of assault and battery).[2] "[M]aking judgments about witness credibility and the weight of witness testimony is the function of the [fact finder]." Commonwealth v. Celester, 473 Mass. 553, 562 (2016), abrogated on other grounds by Commonwealth v. Wardsworth, 482 Mass. 454, 464 n.18 (2019). The trial judge also had the benefit of watching the video footage of the encounter. Lastly, the

---

[2] On appeal, the defendant only challenges the Commonwealth's evidence that there was an intentional touching sufficient to support a conviction of assault and battery on a correction officer.

4

defendant's comment, "I've got something special for you," permits an inference that the defendant's action of throwing hot water on the correction officer was intentional. Viewing the evidence in the light most favorable to the Commonwealth, we conclude that the judge could find, beyond a reasonable doubt, that the Commonwealth proved the elements of assault and battery on a correction officer. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).

2. Ineffective assistance of counsel. The defendant also claims that his counsel was ineffective for failing to ask for an instruction on self-defense. "Under the familiar Saferian test, a defendant is denied constitutionally effective assistance of counsel if the representation fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that the performance inadequacy 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Kolenovic, 471 Mass. 664, 673 (2015), S.C., 478 Mass. 189 (2017), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). In other words, "the defendant must demonstrate that better work might have accomplished something material for the defense" (quotation and citation omitted). Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006).

We see no deficiency in trial counsel's performance for two reasons. First, "[i]n a jury-waived or nonjury case, the judge need not expressly instruct [themself]. This is because we presume that the judge 'correctly instructed [themself]' on the law of evidence" (citations omitted). Commonwealth v. Sepheus, 468 Mass. 160, 170 (2014). Defense counsel's theory at trial was that the correction officer initiated the physical altercation with the defendant. The trial judge specifically acknowledged during closing arguments that the defendant's actions "could be a defensive move or reaction" when he threw the hot water on the correction officer. Therefore, we assume that the judge appropriately applied the law to the facts on the issue of self-defense.

Secondly, because the victim is a correction officer, the defendant has a right to self-defense only if the officer uses excessive or unnecessary force. See Commonwealth v. Francis, 24 Mass. App. Ct. 576, 579 (1987). The testimony and video footage make clear that the correction officer pushed the defendant and in response, the defendant turned directly toward the officer and raised his right arm, throwing the hot water at the officer. The correction officer's actions were directly related to the defendant refusing to comply with the repeated instructions to drop the bottle and return to his cell and thus, were not

excessive or unnecessary.  Even in a light most favorable to the defendant, he had no valid right to use self-defense against the correction officer at the time he threw the hot water.  See Commonwealth v. Gomez, 450 Mass. 704, 708 (2008) ("We view evidence pertaining to self-defense in the light most favorable to the defendant").

Judgment affirmed.

By the Court (Meade,
  Desmond & D'Angelo, JJ.[3]),

Clerk

Entered:  February 14, 2025.

---

[3] The panelists are listed in order of seniority.

7